LEONARD M. MAJESKE and NOREEN A. MAJESKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Majeske v. Commissioner
Docket No. 8055-73
United States Tax Court
T.C. Memo 1975-212; 1975 Tax Ct. Memo LEXIS 166; 34 T.C.M. (CCH) 915; T.C.M. (RIA) 750212; June 30, 1975, Filed *166 Leonard M. Majeske, pro se. John O. Tannenbaum, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to and heard by Commissioner James M. Gussis. This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE COMMISSIONER Respondent determined a deficiency in petitioners' Federal income tax for 1971 in the amount of $329.56 based upon the disallowance of (1) medical expense deductions in the amount of $1,037.30 and (2) a deduction for state and local income taxes in the amount of $415. Petitioner did not allege any errors in his petition to this Court with respect to the deductions disallowed by respondent. Nor *167 did he make any effort at the trial to meet his burden of showing that he was entitled to these deductions. See Rule 142, Tax Court Rules of Practice and Procedure.
Both in his petition and at the trial the petitioner makes a general attack on the constitutionality of the Federal income tax law on the grounds that it is unfair and discriminatory. The main thrust of petitioner's objection to the income tax law is that in its operation it unduly favors one economic group over another. We have reviewed petitioner's arguments and consider them to be without merit. In Brushaber v. Union P.R. Co.,240 U.S. 1 (1916) the Supreme Court rejected similar arguments made by the taxpayer and stated in part as follows: So far as these numerous and minute, not to say in many respects hypercritical, contentions are based upon an assumed violation of the uniformity clause, their want of legal merit is at once apparent, since it is settled that that clause exacts only a geographical uniformity, and there is not a semblance of ground in any of the propositions for assuming that a violation of such uniformity is complained of. * * * So far as the due process clause of the 5th *168 Amendment is relied upon, it suffices to say that there is no basis for such reliance, since it is equally well settled that such clause is not a limitation upon the taxing power conferred upon Congress by the Constitution; in other words, that the Constitution does not conflict with itself by conferring, upon the one hand, a taxing power, and and taking the same power away, on the other, by the limitations of the due process clause. * * * In fact, comprehensively surveying all the contentions relied upon, aside from the erroneous construction of the Amendment which we have previously disposed of, we cannot escape the conclusion that they all rest upon the mistaken theory that although there be differences between the subjects taxed, to differently tax them transcends the limit of taxation and amounts to a want of due process, and that where a tax levied is believed by one who resists its enforcement to be wanting in wisdom and to operate injustice, from that fact in the nature of things there arises a want of due process of law and a resulting authority in the judiciary to exceed its powers and correct what is assumed to be mistaken or unwise exertions by the legislative authority *169 of its lawful powers, even although there be no semblance of warrant in the Constitution for so doing. See also Vivien Kellems,58 T.C. 556 (1972), affirmed per curiam 474 F.2d 1399 (C.A. 2, 1973), certiorari denied 414 U.S. 831 (1973). We must on the basis of this record sustain the determination made by the respondent. Decision will be entered for the respondent.
Footnotes
1. Petitioner Leonard M. Majeske made no effort at the trial to justify the deductions disallowed by respondent. Instead, he contended that the income tax was unconstitutional on the grounds of unfairness and unjustness. In these particular circumstances the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩ are not applicable. This conclusion is based on the authority of the "otherwise provided" language of that rule.